IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RUSTY GOODKNIGHT,           )
                            )
    Plaintiff,             )
                            )
                            )    CIV-15-797-D
v.                          )
                            )
TRACY McCOLLUM, Warden, et al., )
                            )
    Defendants.            )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Having undertaken an initial review of the sufficiency of the Complaint under 28 U.S.C. §§ 1915A(a) and 1915(e)(2), it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Statutory Screening of Prisoner Complaints

Federal district courts must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, because Plaintiff is proceeding *in forma pauperis*, the Court has a duty to screen the complaint. See

28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A(b); 1915(e)(2)(B).

To survive this review, Plaintiff must plead "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Analysis

In his Complaint filed July 22, 2015, Plaintiff states that he is confined at the Oklahoma State Reformatory ("OSR") in Granite, Oklahoma. The Defendants named in the Complaint are OSR Warden McCollum, Oklahoma Department of Corrections ("ODOC")

Director Patton, an unidentified "Reagenal [sic] Director," and an unidentified "law library [sic] officer."

In counts I and II of his Complaint, Plaintiff alleges that he has experienced "emotonal [sic] distress" due to his inability to obtain requested legal materials at OSR and that his First Amendment right to access the courts has been denied. Plaintiff further alleges that OSR is not complying with ODOC policy OP-030123 ("Offender Rights, Privileges and Responsibilities").

Pursuant to Bounds v. Smith, 430 U.S. 817 (1977), inmates have a constitutionally-protected right of access to the courts, and States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820-821, 824. Because there is no "abstract, freestanding right to a law library or legal assistance," however, an inmate alleging a denial of his right of access to the courts must show actual injury such that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." Lewis v. Casey, 518 U.S. 343, 351, 356 (1996). See Christopher v. Harbury, 536 U.S. 403, 412-416 (2002)(recognizing that inmates alleging a denial of the right of access to the courts must show either "systemic official action [which] frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time" or a claim that "cannot now be tried (or tried with all material evidence) . . . [because past official action] caused the loss or inadequate settlement of a meritorious case . . . .").

Considering the allegations in the Complaint and the documents attached to the

Complaint, Plaintiff has not alleged actual injury sufficient to state a plausible claim of a denial of his right to access the courts. Plaintiff alleges vaguely that if he "had access to the cases it could posibaly [sic] leed [sic] to a time cut or even dismiss[al]," but he has not alleged in the Complaint that he has been unable to prepare or file a specific nonfrivolous action or claim concerning his conviction or the conditions of his confinement or that any claim or action challenging his conviction or conditions of confinement has been lost or rejected. Plaintiff's "[c]onclusory allegations of injury . . . will not suffice" to state a claim of actual injury under 42 U.S.C. § 1983. Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006).

Additionally, Plaintiff's requests for assistance from OSR staff and Request to Staff ("RTS") forms attached to the Complaint do not create any inference of actual injury sufficient to state a claim of a constitutional deprivation. In one RTS directed to the Warden at OSR, Plaintiff requests "a copy of case law that [he] had ordered" from the law library. In another RTS also directed to the OSR Warden, Plaintiff requests information concerning "why we are impeded on the access to the law library." In an Offender Request form directed to a unit manager at OSR, Plaintiff requested the address of the California Supreme Court, and the response to the request reflects he was provided the requested address. Complaint, Ex. 3. In another Offender Request directed to a law librarian, Plaintiff requested information concerning a California case "whear [sic] a sex offender can have social media," and he was advised in response to the request that he should use the Westlaw research kiosk and provided relevant search terms he could use. Complaint, Ex. 4. In a Request for Legal

4

Research Assistance form directed to the law library at OSR, Plaintiff requested information concerning " a case out of California whear [sic] a sex offender can have socal [sic] media," and he was advised in response to the request that he should contact California's attorney general and provided the address for the California Attorney General's office. Complaint, Ex. 6. These requests do not indicate that Plaintiff has been unable to prepare or file a specific, nonfrivolous claim concerning his conviction or the conditions of his confinement. Consequently, his cause of action should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      August 25th     , 2015, in accordance with 28 U.S.C.

5

§636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   5th   day of    August   , 2015.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE