IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSTY GOODNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-797-D |
| ) | |
| TRACY McCOLLUM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommends a dismissal without prejudice of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief can be granted. Judge Purcell further recommends that the dismissal, when final, be counted as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks injunctive relief and damages under 42 U.S.C. § 1983 based on alleged unconstitutional conditions of confinement at the Oklahoma State Reformatory in Granite, Oklahoma, which is a correctional institution operated by the Department of Corrections (DOC). The named defendants are the facility's warden, Tracy McCollum; the director of DOC, Robert Patton;

an unidentified regional director of DOC; and an unidentified law library officer.[1] Plaintiff claims in Count I of his Complaint that he has been denied access to the courts due to deficiencies in the facility's law library and in Count II that he has suffered emotional distress due to his inability to access case law and unanswered requests for assistance.

Upon initial screening of the Complaint under 28 U.S.C. § 1915A(a) and § 1915(e)(2), Judge Purcell finds that "Plaintiff has not alleged actual injury sufficient to state a plausible claim of a denial of his right to access the courts" and that copies of Plaintiff's requests for assistance attached to the Complaint "do not indicate that Plaintiff has been unable to prepare or file a specific, nonfrivolous claim concerning his conviction or the conditions of his confinement." *See* R. & R. [Doc. No. 7], pp.4,5. Accordingly, Judge Purcell concludes that the factual allegations of Plaintiff's Complaint are insufficient to state a constitutional claim of inadequate law library services or legal assistance.[2]

In his objection, Plaintiff disputes Judge Purcell's findings that the allegations of his pleading are insufficient to state a § 1983 claim against the law library officer, Warden McCollum, and the unnamed regional director, and he asserts that any deficiencies could be cured by amendment. Plaintiff does not dispute that the Court has a duty under 28 U.S.C. § 1915A and § 1915(e)(2)(B) to determine at an early stage whether an actionable claim is presented, and therefore, the Court finds that Judge Purcell correctly undertook a preliminary

---

[1] Plaintiff identifies this individual in his objection as Paula Bethea.

[2] In reaching this conclusion, Judge Purcell recognizes that Plaintiff is entitled to a liberal construction of his *pro se* pleading. *See id.*, p.2 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

review of the sufficiency of the Complaint. Also, because Plaintiff makes no further mention of any claim against DOC Director Patton, the Court finds that the Complaint fails to state a § 1983 claim against this defendant and amendment would be futile.[3]

Regarding the alleged denial of meaningful access to the courts guaranteed by *Bounds v. Smith*, 430 U.S. 817 (1977), Plaintiff complains in his objection that the law library officer, Paula Bethea, did not provide him with "case law that was needed to fight [his] conviction" and Warden McCollum and the DOC regional director took no action after "being made aware of the situation." *See* Objection [Doc. No. 8], p.1. Plaintiff explains that the facility's "kiosk computer can only get state and federal cases in Oklahoma" and the case law he wants "is a California case and it is needed to cross reference state statutes and codes that [were] used to win the case." *Id*.

Upon *de novo* consideration of the case record, including the additional facts supplied in Plaintiff's objection, the Court finds that Plaintiff has failed to state a plausible § 1983 claim. Judge Purcell correctly notes that a constitutional claim arises where shortcomings in a prison's law library or legal services hinder an inmate's efforts to pursue an actionable claim challenging a sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351, 356 (1996). The right of meaningful access to courts only requires states "to provide affirmative assistance in the preparation of legal papers in cases involving

---

[3] The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of Plaintiff's failure to address a specific issue is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

constitutional rights and other civil rights actions related to their incarceration." *See Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) (internal quotation omitted); *see also Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010).

Here, Plaintiff's allegations do not suggest he has been denied legal materials or assistance needed to pursue a nonfrivolous claim regarding his criminal sentence or conditions of confinement. Plaintiff states in his Complaint that if he had "access to the cases it could [possibly lead] to a time cut or even dismiss[al]." *See* Compl. [Doc. No. 1], p.6. In his objection, he states only: "If I had the case then I could present it as an exhibit on my conviction which has nothing to do with DOC." *See* Objection [Doc. No. 8], p.1. Publicly available records show Plaintiff is currently in DOC custody based on a 2012 conviction in Pontotoc County, Oklahoma, for violating a state statute via computer. *See* Oklahoma Department of Corrections, Offender Lookup, http://docapp065p.doc.state.ok.us/ servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=222330& offender_book_id=114184 (last visited Oct. 7, 2015); *State v. Goodknight*, Case No. CF-2012-458, J. & Sentence (Pontotoc County, Okla. Dec. 31, 2102), *available at* http://www1.odcr.com/detail?court=062-&casekey=062-CF++1200458 (last visited Oct. 7, 2015); *see also In re Public Access to Elec. Case Info.*, 271 P.3d 775 (Okla. 2009) (authorizing public access to electronic case information "via the internet through Oklahoma State Courts Network at oscn.net or KellPro's On Demand Court Records at odcr.com").[4]

---

[4] The Court may take judicial notice of such records in judging the sufficiency of a complaint. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

California case law (which Plaintiff requested assistance to access) has no apparent relevance to Plaintiff's conviction, and he presents no facts that might connect his lack of access to the requested materials and an actionable claim. Therefore, the Court concurs in Judge Purcell's conclusion that the Complaint fails to state a § 1983 claim upon which relief can be granted.

As to Plaintiff's request in his objection "for a leave to amend [his] complaint" so it "is more [legible] and set out better" (*see* Objection, p.1), the Court notes that an amended pleading may be filed as a matter of course at this stage of the case; no permission is needed. *See* Fed. R. Civ. P. 15(a)(1)(A). Plaintiff does not specify a particular change to be made or furnish a proposed pleading. Upon consideration, the Court finds that Plaintiff has failed to present any facts from which to conclude that granting him a further opportunity to amend his pleading is warranted. Further, Judge Purcell expressly recommends a dismissal without prejudice to refiling. This type of dismissal avoids possible claim preclusion in the future and provides Plaintiff with an adequate opportunity to pursue an actionable claim, if one can be stated. Therefore, the Court finds that a dismissal without prejudice is appropriate under the circumstances presented.

## Conclusion

Upon *de novo* review of the issues, the Court fully concurs in Judge Purcell's finding that the Complaint should be dismissed for failure to state a § 1983 claim pursuant 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). The Court further finds that leave to amend the Complaint need not be granted but the dismissal should be without prejudice to refiling a future action.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED, as set forth herein.  This action is DISMISSED without prejudice to refiling.  A separate judgment shall be entered accordingly.

IT IS SO ORDERED this  21st  day of October, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE